IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STOURBRIDGE INVESTMENTS LLC, Derivatively on Behalf of Nominal Defendant EXXON MOBIL CORPORATION,<br><br>                    Plaintiff,<br><br>    v.<br><br>SUSAN K. AVERY, ANGELA F. BRALY, URSULA M. BURNS, KENNETH C. FRAZIER, STEVEN A. KANDARIAN, DOUGLAS R. OBERHELMAN, SAMUEL J. PALMISANO, STEVEN S. REINEMUND, WILLIAM C. WELDON, DARREN W. WOODS, MICHAEL J. BOSKIN, HENRIETTA H. FORE, WILLIAM W. GEORGE, LARRY R. FAULKNER, PETER BRABECK-LETMATHE, REX W. TILLERSON, ANDREW P. SWIGER, JEFFREY J. WOODBURY, and DAVID S. ROSENTHAL,<br><br>                    Defendants,<br><br>and<br><br>EXXON MOBIL CORPORATION,<br><br>                    Nominal Defendant. | Civil Action No. 3:19-cv-02267 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Exxon Mobil Corporation, Susan K. Avery, Angela F. Braly, Ursula M. Burns, Kenneth C. Frazier, Steven A. Kandarian, Douglas R. Oberhelman, Samuel J. Palmisano, Steven S. Reinemund, William C. Weldon, Darren W. Woods, Michael J. Boskin, Henrietta H. Fore, William W. George, Larry R. Faulkner, Peter Brabeck-Letmathe, Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal (collectively, "Defendants") file this Notice

of Removal for the purpose of removing this action from the 44th Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, on the ground that the federal district court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]  In support of removal, Defendants state as follows:

### I.   STATE COURT ACTION

1. Susan K. Avery, Angela F. Braly, Ursula M. Burns, Kenneth C. Frazier, Steven A. Kandarian, Douglas R. Oberhelman, Samuel J. Palmisano, Steven S. Reinemund, William C. Weldon, Darren W. Woods, Michael J. Boskin, Henrietta H. Fore, William W. George, Larry R. Faulkner, Peter Brabeck-Letmathe, Rex W. Tillerson, Andrew P. Swiger, Jeffrey J. Woodbury, and David S. Rosenthal are named as defendants, and Exxon Mobil Corporation ("ExxonMobil") is named as a nominal defendant, in a civil action filed in, and currently pending before, the District Court of Dallas County, Texas, captioned *Stourbridge Investments LLC, Derivatively on Behalf of Nominal Defendant Exxon Mobil Corporation v. Susan K. Avery et al. and Exxon Mobil Corporation*, Cause No. DC-19-13924 (the "Lawsuit").[2]  Plaintiff filed the Lawsuit on September 9, 2019, purportedly on behalf of Nominal Defendant ExxonMobil against certain current and former officers and directors.

2. The Lawsuit's allegations are substantially identical to those in two actions already pending before this Court, namely *In re Exxon Mobil Corporation Derivative Litigation*, No. 3:19-cv-01067-K (N.D. Tex.) (a consolidated derivative action) and *Ramirez* v. *Exxon Mobil Corp.*, No.

---

[1] By removing this proceeding, the Defendants do not waive, and shall not be deemed to have waived, any available defenses or rights.
[2] A complete copy of the record of the Dallas County proceeding is attached hereto as Exhibits A to A-3.

3:16-cv-03111-K (N.D. Tex.) (a putative class action pursuant to the federal securities laws). The Lawsuit repeatedly borrows allegations asserted in both of those actions verbatim.

3. Defendants remove the Lawsuit to this Court on the basis of federal question jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within this district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

5. The United States District Court for the Northern District of Texas, Dallas Division has federal question jurisdiction over the Lawsuit pursuant to 28 U.S.C. § 1331 for the reasons more-fully set forth in Section III below.

6. This Notice of Removal is also being filed with the Clerk of the District Court of Dallas County, Texas, and is being served upon counsel for Plaintiff pursuant to 28 U.S.C. 1446(d).

## III.   FEDERAL QUESTION JURISDICTION

7. This Court has federal-question jurisdiction over the Lawsuit because certain of Plaintiff's claims, although asserted under state law, require resolution of substantial federal questions for adjudication. *See Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, (2005).

8. Unlike some other derivative cases that have been remanded to state court, this is not a case where there are "some incidental or loose references" to federal law or the alleged violations of federal law are a "subset of" or "serve solely to illuminate" the alleged breaches of fiduciary duty. *Cf. Richardson v. Sun River Energy, Inc.*, 2012 WL 6693275, at *5-6 (N.D. Tex. Dec. 26, 2012); *Young v. Antioco*, 2003 WL 23201342, at *2-3 (N.D. Tex. Aug. 6, 2003); *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex. June 23, 2003).

9. To the contrary, in this case, the alleged violations of federal law are an essential element of alleged breaches of fiduciary duty asserted by Plaintiff. For example, Plaintiff claims the individual defendants violated the federal securities laws by failing to disclose, or cause ExxonMobil to disclose, certain information required by Item 303 of Regulation S-K, and thereby breached their fiduciary duties to ExxonMobil. Exhibit A-2. Indeed, Plaintiff does not cite any violation of a state law analogue to Item 303 of Regulation S-K. Thus, in order to adjudicate Plaintiff's claim, the Court will necessarily need to determine (i) whether there was a duty to disclose certain information pursuant to Item 303 and (ii) whether Defendants failed to make that required disclosure, or cause ExxonMobil to make that disclosure. Courts have concluded removal was proper in similar circumstances. *See, e.g.*, *In re Capital One Derivative S'holder Litig.*, No. 1:12-cv-1100, 2012 WL 6725613, at *1 (E.D. Va. Dec. 21, 2012) (concluding removal of derivative action was proper where "disposition of plaintiffs' state claims necessarily depends on resolution of disputed and substantial questions of federal law"); *Prince* v. *Berg*, No. 10-cv-4233-RS, 2011 WL 9103, at *1 (N.D. Cal. Jan. 3, 2011) (concluding removal of derivative action was appropriate where federal law violations were "an element of the wrongdoing that [Plaintiff] hopes to prove here"); *Landers v. Morgan Asset Mgmt.*, No. 08-cv-2260, 2009 WL 962689, at *5–10 (W.D. Tenn. Mar. 31, 2009) (concluding removal of derivative action was appropriate where stockholders' fiduciary duty claims asked the court to evaluate the defendants' actions in light of requirements imposed by federal securities laws). Therefore, removal pursuant to 28 U.S.C. § 1331 is appropriate under the test articulated in *Gunn* and *Grable*.

## IV.   CONCLUSION

WHEREFORE, Defendants remove this action from the 44th Judicial District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over the cause as provided by law.


Dated:  September 23, 2019        Respectfully submitted,

*/s/ Nina Cortell*
Nina Cortell
Texas State Bar No. 04844500
Daniel H. Gold
Texas State Bar No. 24053230
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

Theodore V. Wells, Jr. (*pro hac vice forthcoming*)
Daniel J. Kramer (*pro hac vice forthcoming*)
Daniel J. Toal (*pro hac vice forthcoming*)
Jonathan H. Hurwitz (*pro hac vice forthcoming*)
Matthew Stachel (*pro hac vice forthcoming*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dkramer@paulweiss.com
dtoal@paulweiss.com
jhurwitz@paulweiss.com
mstachel@paulweiss.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon the following counsel of record via e-mail and U.S. Mail in accordance with the Federal Rules of Civil Procedure on this 23rd day of September 2019:

| | |
|---|---|
| Roger L. Mandel<br>JEEVES MANDEL LAW GROUP, P.C.<br>12222 Merit Drive<br>Suite 1200<br>Dallas, TX 75251<br>rmandel@jeevesmandellawgroup.com | Joshua M. Lifshitz<br>LIFSHITZ & MILLER LLP<br>821 Franklin Avenue, Suite 209<br>Garden City, New York 11530<br>jml@jlclasslaw.com |

                                                  */s/ Daniel H. Gold*
                                                  Daniel H. Gold